United States District Court
Southern District of Texas
**ENTERED**
June 23, 2021
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT     SOUTHERN DISTRICT OF TEXAS

| | |
|---|---|
| Keith Nash,<br>    Petitioner,<br><br>v.<br><br>Bobby Lumpkin,<br>Director, Texas Department<br>of Criminal Justice, Correctional<br>Institutions Division,<br>    Respondent. | Civil Action H-20-3206 |

# Report and Recommendation

Keith Nash filed a petition for writ of habeas corpus under 28 U.S.C. § 2254 challenging his conviction for sexual assault. (D.E. 1.) Respondent Bobby Lumpkin filed a motion to dismiss Nash's petition. (D.E. 11.) Nash filed two motions for summary judgment and one motion for reconsideration of Respondent's motion to dismiss. (D.E. 10; D.E. 13; D.E. 14.) The court recommends that Respondent's motion to dismiss be granted and Nash's petition be dismissed with prejudice as time-barred. The court recommends that Nash's motions be denied.

## 1. Background

On October 8, 2015, Nash pleaded guilty in the 184th District Court of Harris County, Texas, to sexual assault of a child younger than seventeen. (D.E. 12-3 at 35–40; D.E. 12-4 at 1–4, 10.) On the same date, the district court sentenced Nash to ten years of deferred adjudication community supervision. (D.E. 12-4 at 10–11.) Because Nash pleaded guilty, the court did not give Nash permission to appeal. *Id.* at 8–9. He did not attempt to appeal the order placing him on supervision.

On December 14, 2015, the State filed a motion to adjudicate guilt on the basis that Nash violated the conditions of community

supervision by using cocaine and failing to show written verification of employment. (D.E. 12-4 at 19–20.) Nash pleaded true to the violations. *Id.* at 25. On January 5, 2016, the court sentenced Nash to twelve years in the Texas Department of Criminal Justice (TDCJ). *Id.* at 25–26. Nash waived his right to appeal and did not attempt to appeal the adjudication of guilt. (D.E. 12-3 at 34.)

On November 19, 2018, Nash filed a state application for a writ of habeas corpus. (D.E. 12-3 at 5–22.) On March 6, 2019, the Texas Court of Criminal Appeals denied his application without written order on findings of the trial court without a hearing. (D.E. 12-1 at 1.) Nash filed his federal petition for writ of habeas corpus on September 8, 2020. (D.E. 1 at 11.) Nash claims he received ineffective assistance of counsel in connection with his original guilty plea and the adjudication of his guilt. *Id.* at 7.

## 2. *Statute of Limitations under 28 U.S.C. § 2244*

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) sets a one-year limitations period for federal habeas petitions. *See* 28 U.S.C. § 2244(d). The statute provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

>   (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)–(2).

For Nash's challenges arising out of both the original guilty plea and the adjudication of guilt, the limitations periods began to run on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).

Because Nash was given no right to appeal his original guilty plea and sentence, Nash's conviction became final upon entry of his guilty plea on October 8, 2015. *See Chacon v. Stephens*, No. 4:13-CV-2184, 2014 WL 3543722, at *3 (S.D. Tex. July 14, 2014) (quoting *Roberts v. Cockrell*, 319 F.3d 690, 693 (5th Cir. 2003) ("Petitioner's conviction became final for AEDPA purposes immediately upon entry of his guilty plea . . . because that is when he became 'unable to pursue further direct review' in Texas courts."); *Galindo v. Thaler*, No. V-08-56, 2010 WL 774170, at *2 (S.D. Tex. Mar. 2, 2010) (holding that, where the petitioner waived his right to appeal and did not seek review of a deferred adjudication order, the order became final on the date his sentence was imposed). Absent tolling, the deadline to file a federal habeas petition based on his original plea of guilty was October 8, 2016. Even if the order of deferred adjudication did not become a final judgment until the expiration of the thirty-day period during which Nash could have appealed, the limitations period would expire on November 7, 2016. *See* Tex. R. App. P. 26.2 (stating that a "notice of appeal must be filed . . . within 30 days after the day sentence is imposed . . . or after the day the trial court enters an appealable order"). Because Nash did not file his federal habeas petition until September 14, 2020, it was untimely.

3

Because Nash waived his right to appeal the adjudication of guilt and did not attempt to appeal that order, it became final on January 5, 2016, the date that he pleaded true to the motion to adjudicate guilt and the court sentenced him to twelve years of confinement. *See Chacon*, 2014 WL 3543722, at *3; *Galindo*, 2010 WL 774170, at *2. Absent tolling, the deadline to file a federal habeas petition based on his adjudication of guilt was January 5, 2017. Even if the adjudication of guilt did not become a final judgment until the expiration of the thirty-day period during which Nash could have appealed, the limitations would expire on February 4, 2017. *See* Tex. R. App. P. 26.2. Because Nash did not file his federal habeas petition until September 14, 2020, it was untimely.

Under 28 U.S.C. § 2244(d)(2), "[t]he time during which a properly filed application for State post-conviction or other collateral review" is pending does not count toward the one-year limitations period. "[A] state habeas petition is 'pending' for the purposes of tolling under § 2244(d)(2) on the day it is filed through (and including) the day it is decided." *Windland v. Quarterman*, 578 F.3d 314, 315 (5th Cir. 2009). Nash's state habeas application is deemed filed on the date he mailed it. *See Richards v. Thaler*, 710 F.3d 573, 578 (5th Cir. 2013). Nash signed and dated his state habeas application on November 19, 2018. (D.E. 12-3 at 20.) By that time, the limitations periods for both his guilty plea and his adjudication of guilt had already expired. The state petition did not toll the one-year limitations period for either judgment. *Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000). Nash asserts that he filed a second state habeas application that was denied in April 2020. (D.E. 1 at 5.) Because the first application was filed after the expiration of the AEDPA limitations period, any later-filed state habeas application would not toll limitations. No other AEDPA provision applies to extend the limitations period. *See* 28 U.S.C. § 2244(d)(1)(B)–(D).

*3. Equitable Tolling*

The court may allow an untimely case to proceed if the facts present "sufficiently 'rare and exceptional circumstances' to justify

equitable tolling." *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999) (quoting *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998)). Exceptional circumstances may include a situation where the petitioner was "actively misled" by the respondent "about the cause of action or [was] prevented in some extraordinary way from asserting his rights." *Larry v. Dretke*, 361 F.3d 890, 897 (5th Cir. 2004) (quoting *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999), *abrogration on other grounds recognized by Richards v. Thaler*, 710 F.3d 573, 578–79 (5th Cir. 2013)). To warrant tolling, a petitioner must also demonstrate that he diligently pursued his rights despite the extraordinary circumstances that stood in his way. *Id.* A petitioner bears the burden to show that equitable tolling should apply. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000) (*modified on partial rehearing by* 223 F.3d 797 (5th Cir. 2000)).

Nash argues that he is entitled to equitable tolling because: (1) "despite diligent effort [he] did not discover the injury until after the limitations period had expired[;]" (2) he was "surely 'misled' by counsel ineffectiveness[;]" and (3) the COVID-19 pandemic interrupted the normal court proceedings and interfered with his ability to conduct legal research and present a timely habeas petition. (D.E. 14 at 2–3.) There is no evidence to suggest that equitable tolling should apply. Nash fails to cite facts demonstrating either diligent effort on his part or active efforts to mislead him on anyone else's part. Nash also fails to demonstrate "rare and exceptional circumstances" *during the limitations period* justify equitable tolling. Nash's limitations periods expired more than three years prior to the onset of the pandemic.

*4. Conclusion*

The court recommends that Lumpkin's motion to dismiss be granted and that Nash's petition for writ of habeas corpus be dismissed with prejudice as time-barred. The court further recommends that Nash's motions for summary judgment and reconsideration be denied.

The parties have fourteen days from service of this report and recommendation to file written objections. *See* Rule 8(b) of the Rules Governing Section 2254 Cases; 28 U.S.C. § 636(b)(1)(c); Fed. R. Civ. P. 72. Failure to timely file objections will preclude appellate review of factual findings or legal conclusions, except for plain error. *See Thomas v. Arn*, 474 U.S. 140, 147–49 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276–77 (5th Cir. 1988).

Signed at Houston, Texas, on June 23, 2021.

_____
Peter Bray
United States Magistrate Judge